UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Coril Dybevik, Joe Flaherty,
Norma Hauschildt, Darci Kline,
Linda Laack, Sythat Pomsyda,
and Jose Ybarra, on behalf of
themselves and similarly
situated individuals,

        Plaintiffs,

v.

Quality Pork Processors, Inc.,
a/ka/ Quality Pork Processors, Inc.
of Texas,

        Defendant.

Civil No. 00-1611 (ADM /SRN)

**NOTICE OF SETTLEMENT CONFERENCE**

---

A settlement conference will be held in the above-referenced matter on **November 16, 2000 at 1:30 p.m.**, in Suite 242, Federal Building, 316 South Robert Street, St. Paul, Minnesota, before Magistrate Judge Susan Richard Nelson.

Counsel who <u>will actually try the case</u> and <u>each party, armed with full settlement authority</u>, shall be present. If individuals are parties to this case, they shall be present. If a corporation or other collective entity is a party, a duly authorized officer or managing agent of that party shall be present. If an insurance company is involved, the responsible agent must be present. This means that each party must attend through a person who has the <u>power</u> to change that party's settlement posture during the course of the conference. If the party representative has a limit, or "cap" on his or her authority, this requirement is not satisfied. Plaintiffs' counsel has agreed to ensure that the Union is present at the settlement conference for purposes of discussing prospective compensation.

Trial counsel shall meet in person with one another on or before **November 2, 2000**, to seek

FILED **SEP 27 2000**
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD_____
DEPUTY CLERK_____

to achieve an agreement to resolve this dispute. If complete agreement is not reached, each attorney shall deliver to chambers on or before **November 9, 2000**, a letter which shall include: (1) the parties' respective settlement positions before the meeting; (2) the parties' respective positions following the meeting; (3) a concise analysis of each remaining liability issue, with citation to relevant authority; (4) a reasoned, itemized computation of each element of the alleged damages, with a concise summary of the testimony of each witness who will testify in support of the damage computations; and (5) a reasoned analysis justifying their client's last stated settlement position as well as any additional information believed to be helpful to the process of reaching agreement. This letter is for the Court's use only and should not be served on opposing counsel.

DATED: September 27, 2000.

_____
Susan Richard Nelson
United States Magistrate Judge