IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| CORIL DYBEVIK, JOE FLAHERTY, NORMA HAUSCHILDT, DARCI KLINE, LINDA LAACK, SYTHAT POMSYDA, and JOSE YBARRA, on behalf of themselves and similarly situated individuals,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>QUALITY PORK PROCESSORS, INC., a/k/a QUALITY PORK PROCESSORS, INC. OF TEXAS,<br><br>　　　　　Defendant. | Case No. 00-1611ADM/SRN<br><br>Judge Montgomery<br><br>Magistrate Judge Nelson |

## PROTECTIVE ORDER

On the **18th** day of **October**, 2000, the Court considered Defendant's Motion for Protective Order. Having considered the Motion, the Court is of the opinion that it should be GRANTED.

IT IS ORDERED:

In responding to discovery in the within action, the responding party, including opt-in Plaintiffs, may designate any information produced as "confidential". "Confidential Information" does not include information transmitted or otherwise provided to or received from, in written or oral form, any government agency or third party with whom a party does not have an attorney-client relationship. The designation may be done in the course of producing documents for inspection, answering Interrogatories, responding to Requests for Admission, or with respect to specific

1

FILED_____
　FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD_____
DEPUTY CLERK_____

questions understood by the parties, and ordered, that all personnel, disciplinary and other employee records produced in discovery are confidential and subject to this Order, without further designations by a party.

Plaintiffs herein seek leave to video tape, film, or otherwise document work activities on the premises of Defendant's packing plant, a facility with equipment leased to the Defendant by Hormel Foods Corporation, hereinafter referred to as Landlord. The parties agree that video or film representation of work activities at Defendant's Austin Meat Processing Plant, shall be deemed confidential, without further designation by a party, under this Order and subject to all terms as herein identified on the basis that such representations may depict meat packing processes, technology and equipment that are proprietary to Landlord and Defendant and may constitute Trade Secrets as defined by Minnesota Statutes at Chapter 325C. Parties subject to this Order agree that the video or film documenting work activities at the plant, and the content thereof, will not be used for any purposes other than those required by this lawsuit. Further, in consideration of Defendant and its Landlord allowing entry by Plaintiffs' representatives onto these premises, the parties agree that each individual person coming upon Defendant's premises shall execute an Inspection Agreement in the form attached herewith as **Exhibit A**.

Information provided which has been designated as confidential by the providing party shall not be used by the receiving party for any purpose except in connection with the trial and preparation for trial of this case. Legal counsel receiving information designated as confidential shall not disclose such information to any persons other than lawyers, paralegals, secretaries or other support personnel in the law firms of such counsel assisting in the trial or preparation for trial of this case, experts and consultants retained by legal counsel for assistance in the litigation, or the parties to the

lawsuit themselves. If confidential information is provided to any expert or consultant retained by a party, the party retaining the expert or consultant will obtain a confidentiality agreement with that expert or consultant providing that the confidential information will be returned at the conclusion of the term where it is necessary to the party retaining the expert or consultant or, in any case, at the conclusion of the litigation, and that the information will not be used for any other reason. Counsel retaining the expert or consultant to whom confidential information is provided will be responsible for maintaining a log detailing who is provided confidential information and specifically what information has been provided.

Only that information which a party shall in good faith deem to contain sensitive personal, personnel, business or trade secret information shall be designated as confidential, and the designation of information as confidential shall constitute a certification by the providing counsel that he or she has reviewed the material, that the confidential designation has been made in good faith and that there are substantial grounds to support such designation.

In the event that counsel for the party receiving information designated as confidential desires to use the information in any manner not otherwise permitted by this Order, such counsel shall notify counsel for the producing party, in writing. Such notice shall identify the information sought to be disclosed. If the notifying counsel has not received a written objection to such proposed use within twenty-one (21) days after the mailing of such notice, such counsel may use such information in a manner consistent with the notice. If counsel seeking such use receives written objection within twenty-one (21) days after mailing such notice from opposing counsel, either party may present the matter to this Court for resolution. Before presenting a matter to the Court concerning a disagreement over the use of information designated by a party to be confidential, the parties shall

3

consult in an attempt to resolve such disagreement. There shall be no disclosure of such information until a Court Order permitting such has been entered.

At the conclusion of this case, all information designated as confidential, and all copies thereof, shall be returned to counsel making the confidentiality designation.

The provisions of this Protective Court Order can be waived or modified in whole or in part either by a written agreement executed by or on behalf of all the parties to this lawsuit or by a stipulation by all parties made on the record, a deposition or a Court hearing, or upon motion of any party for amendments to the Order presented to this Court. The Court will not consider any such motion unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the requested amendment and counsel for the moving party shall so certify.

Dated this __18th__ day of __October__, 2000.

_____
U.S. ~~District Judge~~ Magistrate Judge

Dated: __October 12__, 2000

AGREED:
BY: _____

Reuben A. Guttman
Brian P. McCafferty
Charles V. Firth
Provost & Umphrey Law Firm, LLP
1155 15th Street N.W., Suite 410
Washington, D.C. 20005

Robert D. Metcalf
Connie L. Howard
Metcalf, Kaspari, Howard,
 Engdahl & Lazarus, P.A.
1660 South Highway 100

4

333 Parkdale Plaza
Minneapolis, Minnesota 55416-1531

Michael Hamilton
Lee Anderson
Provost & Umphrey Law Firm, LLP
631 Woodland Street
Nashville, Tennessee 37206

Jairus M. Gilden
Karmel & Gilden
Suite 1414
221 North LaSalle Street
Chicago, Illinois 60601

**ATTORNEYS FOR PLAINTIFFS**

Dated: __10 - 12 -__, 2000

AGREED:

BY: _____

John S. Beckmann
HOVERSTEN, JOHNSON, BECKMANN,
    WELLMAN & HOVEY
807 West Oakland Avenue
Austin, Minnesota 55912
(507) 433-3483

Richard H. Schnadig
Lawrence J. Casazza
James E. Bayles, Jr.
VEDDER, PRICE, KAUFMAN &
 KAMMHOLZ
Suite 2600
222 North LaSalle Street
Chicago, Illinois 60601
(312) 609-7500

**ATTORNEYS FOR DEFENDANT**

5

**EXHIBIT A**

## **INSPECTION AGREEMENT**

WHEREAS, various representatives of Parties to proceedings pending in the Federal District Court of the State of Minnesota entitled: "Dybevik, *et al*, Plaintiffs v. Quality Pork Processors, Inc., Defendant, (Case No. 00-1611 ADM/SRN), desire to enter the premises of Quality Pork Processors for the purpose of observing and documenting workplace practices in that facility; and

WHEREAS, the undersigned is not an employee, agent or representative of Quality Pork Processors, Inc., or Hormel Foods Corporation but desires admission to premises leased by Hormel Foods Corporation to Quality Pork Processors to participate in the aforesaid inspection; and

WHEREAS, the undersigned understands that there are hazards which exist in any form of manufacturing plant, including the plant facilities leased by Hormel Foods Corporation to Quality Pork Processors, Inc., which hazards include for instance, blows to the head or other members of the body from overhead fixtures or equipment, motorized or non-motorized conveyances, meat or waste products, and hazards such as slipping, falling, tripping, encountering hazardous chemicals, wastes, odors or vapors, or sounds or sights, which may be offensive or even injurious.

THEREFORE, the undersigned does hereby agree as a consideration for admittance to the premises of Hormel Foods Corporation as leased to Quality Pork Processors, Inc., and participation in the foregoing observation and documentation, that:

1.   The undersigned agrees that she/he has previously been on the premises of similar slaughtering and meatpacking facilities and is fully familiar with the environment existing in

1

such places.

2.     The undersigned shall wear such safety equipment as shall be requested by Quality Pork Processors, Inc., and Hormel Foods Corporation.

3.     The undersigned understands that the undersigned may photograph, or otherwise make representations, the work facilities and work processes at the aforesaid location by video tape or still camera or movie camera but shall provide counsel for Quality Pork Processors, Inc., a copy of each and every recording or image as soon as such materials are reasonable available and shall, before departing the inspection site at Quality Pork Processors, Inc., permit a representative of Quality Pork Processors, Inc., to itemize each video tape and roll of film. Further, the undersigned agrees that such video tape or film, and representations contained thereon, may be provided to Hormel Foods Corporation as that party requires. This Inspection Agreement is consistent with the terms of a Protective Order issued in connection with this litigation by the above-identified Court and incorporates, by reference, in that Order all terms and conditions as set forth.

4.     The undersigned shall fully comply with any and all sanitary rules or regulations adopted by the U.S. Department of Agriculture or by Quality Pork Processors, Inc., and/or Hormel Foods Corporation, and shall further immediately comply with any request made by or on behalf of any representative of the U.S. Department of Agriculture.

Dated: _____, 2000        _____
                                     Admittee

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

### Clerks Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing <u>confidential original</u> documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the <u>Clerk:</u>*

A. Documents are to be <u>sealed</u> (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
   - Action/case number
   - Brief action/case title
   - Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on <u>each</u> envelope. Motions, affidavits and memorandums are considered three separate documents).
   - The word "SEALED" or "CONFIDENTIAL"

*Guidelines for filing with a U. S. District Judge or <u>Magistrate Judge:</u>*

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.