UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Coril Dybevik, et al., <br><br> on behalf of themselves and similarly situated individuals, <br><br>　　　　Plaintiffs, <br><br> v. <br><br> Quality Pork Processors, Inc., a/k/a Quality Pork Processors, Inc. of Texas, <br><br>　　　　Defendant. | Civil File No. 00-1611 <br> ADM/SRN <br><br> **REPRESENTATIVE ACTION** |

### JOINT PROPOSED AMENDMENTS TO SCHEDULING ORDER

This Court's September 27, 2000 Pretrial Scheduling Order is hereby amended as follows:

1. Defendant Quality Pork Processors, Inc. ("QPP") shall produce in electronic form, data reflecting the punch-in and punch-out times and payroll records for all opt-in Plaintiffs and for opt-in Plaintiffs covered by the Notice, as identified in Plaintiffs Document Requests numbers 16 and 24-32 dated October 2, 2000. This information shall cover the time period of July 7, 1997 to the present date and shall be produced to Plaintiffs with instruction materials indicating how the data is formatted and can be read. This information shall be produced no later than January 1, 2001.

2. Prior to January 1, 2001, if requested by Plaintiffs, QPP shall produce for deposition pursuant to Rule 30(b)(6) the witness or witnesses who can testify to the following:

　　　　a)　The content of the information set fourth in item number one (1) above;

　　　　(b)　The methods by which this information was placed in electronic form and maintained;

　　　　(c)　How this information can be read and/or interpreted.

At Plaintiffs' discretion, this deposition may be taken in January, 2001, or eliminated if the above information is ecured through alternative means.

FILED DEC 1 1 2000
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD _____
DEPUTY CLERK _____

3. The parties shall designate ten (10) full days for depositions in the month of January, 2001, with at least five (5) days of depositions designated by the Plaintiffs and at least five (5) days of depositions designated by the Defendant. Prior to December 20, 2000, the parties shall agree on the dates and the witnesses to be produced.

4. The parties shall designate six (6) full days for depositions in the month of February, 2001, with at least three (3) days of depositions designated by the Plaintiffs and at least three (3) days of depositions designated by the Defendant. Prior to January 20, 2001, the parties shall agree on the dates and the witnesses to be produced.

5. The parties shall designate six (6) full days for depositions in the month of March, 2001, with at least three (3) days of depositions designated by the Plaintiffs and at least three (3) days of depositions designated by the Defendant. Prior to February 20, 2001, the parties shall agree on the dates and the witnesses to be produced

6. The parties to this lawsuit will contact Magistrate Judge Nelson's office before the end of January, 2001 to establish a date for a March conference. The agenda for the March conference shall be:

    (a)    Resolution of any outstanding discovery issues;

    (b)    Reconsideration of Interrogatory and Document Request discovery directed at "opt-in" witnesses (see below);

    (c)    Final determination of schedule for expert discovery;

    (d)    Discussion of other procedural issues that may arise; and

    (e)    Settlement discussion.

On or about November 8, 2000 Defendant directed interrogatories and document requests to all "opt-in" plaintiffs. The following shall apply:

> Plaintiffs shall only be required to answer the interrogatories on behalf of the seven (7) representative plaintiffs and any "opt-in" plaintiff who will be called as a witness at trial;

> At least sixty (60) days prior to the trial date in this lawsuit, Plaintiffs will provide Defendant with a list of "opt-in" plaintiffs who may be called as witnesses at trial. The responses to interrogatories and document requests for these opt-in Plaintiffs must be provided contemporaneously with the above list. The parties take no position at this time whether Defendant shall be entitled to take the depositions of these identified opt-

in Plaintiffs.

The parties will agree to implement access to Defendant's Austin, Minnesota facility to Plaintiffs' time study expert consistent with this Court's prior Order regarding confidentiality and consistent with the plant inspection agreement negotiated between the parties.

Signed this 11th day of December, 2000.

SUSAN RICHARD NELSON
UNITED STATES MAGISTRATE JUDGE