UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Coril Dybevik, Joe Flaherty, Norma Hauschildt, Darci Kline, Linda Laack, Sythat Pomsyda, and Jose Ybarra, on behalf of themselves and similarly situated individuals, | Civil No. 00-1611 (ADM /SRN) |
| Plaintiffs, | ORDER |
| v. | |
| Quality Pork Processors, Inc., a/ka/ Quality Pork Processors, Inc. of Texas, | |
| Defendant. | |

Robert D. Metcalf, Esq. Reuben A. Guttman, Esq., and Brian P. McCafferty, Esq., on behalf of Plaintiffs.

John S. Beckmen, Esq. on behalf of Defendant.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above entitled matter came before the undersigned United States Magistrate Judge on May 25, 2001, on Plaintiffs' Motion to Amend the Complaint to add Hormel Foods, Inc. ("Hormel") as a Defendant in this matter. (Doc. No. 35.) Following the hearing, the parties submitted supplemental briefs on the question of whether Plaintiffs' Motion to Amend the Complaint was legally futile. The Court has considered the moving papers and all supplemental briefing in making its determination.

FILED JUL 1 0 2001
RICHARD D. SLETTEN, CLERK
JUDGEMENT ENTERED _____
DEPUTY CLERK'S INITIALS _____

I.  **Standard**

Whether to grant leave to amend is within this Court's sound discretion. Niagara of Wis. Paper Corp. v. Paper Industry Union-Management Pension Fund, 800 F.2d 742, 749 (8th Cir. 1986). Rule 15 of the Federal Rules of Civil Procedure states that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Although amendment of a complaint should be allowed liberally to ensure that a case is decided on its merits, . . . there is no absolute right to amend." Ferguson v. Cape Girardeau County, 88 F.3d 647, 650-51 (8th Cir. 1996). In considering whether to grant leave to amend the court considers a number of factors. See Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998). For example, the court may deny leave to amend if any of the following factors are present: undue delay, bad faith, dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility of the amendment. See Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). A court is justified in denying an amendment as futile if the proposed amendment could not withstand a motion to dismiss. Holloway v. Dobbs, 715 F.2d 390, 392-93 (8th Cir.1983); DeRoche v. All American Bottling Corp., 38 F.Supp.2d 1102, 1106 (D. Minn. 1998).

II.  **Merits**

At the hearing and in their supplement brief, Plaintiffs clarified that they seek to add Hormel as a Defendant, arguing that Hormel is an employer under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216, et seq. under either an "enterprise theory," or a "joint employer theory." (Pls.' Supp. Mem., Doc. No. 45, p.8.) In assessing whether an entity is an employer, under either theory, courts view the applicable relationships under an "economic realities" test. Reich v. Gateway Press, Inc., 13 F.3d 685, 695 (3d Cir. 1994) (when using the enterprise test

2

courts gauge the economic reality of a group of affiliated businesses for the purposes of applying the FLSA); Torres-Lopez v. May, 111 F.3d 633, 641 (9th Cir. 1997) (noting that a court must focus on the economic reality of a particular relationship when determining whether a defendant is a joint employer).

### A.   Enterprise

The FLSA describes three elements which must exist before corporate defendants can be considered a single enterprise: (1) related activities; (2) unified operation or common control; and (3) a common business purpose. 29 U.S.C. § 203(r); Brennan v. Arnheim & Neely, Inc., 410 U.S. 512, 518, 93 S.Ct. 1138, 35 L.Ed.2d 463 (1973); Brennan v. Plaza Shoe Store, Inc., 522 F.2d 843, 846-47 (8th Cir. 1975). Defendant concedes that elements one and three are met in this case. Therefore, the Court will focus on the second element, unified operation or common control. (Pl.s' Supp. Exs., Doc. No. 46, Ex. A.,Tr. p. 26.)

Plaintiffs offer the following facts in support of their assertion that Hormel has the ability to control Defendant Quality Pork Processors, Inc. ("QPP") and its workforce:

> 1.   Hormel employee, Tim Carlson, is in charge of overseeing QPP operations on a daily basis. (Pls.' Supp. Exs., Doc. No. 46, Ex. C., Le Barron Aff. ¶ 4.)[1]

---

[1] Defendant argues that the affidavit of Dennis Le Barron should not be considered by the Court, because it is not notarized. (Def.'s Supp. Mem., Doc. No. 49, p. 8.) However, "[w]herever, under any law of the United States . . . any matter is required or permitted to be supported . . . by the sworn . . . affidavit, in writing of the person making the same . . . such matter may, with like force and effect, be supported . . . by the unsworn declaration . . . in writing of such person which is subscribed by him, as true under penalty of perjury, and dated." 28 U.S.C. § 1746 Mr. Le Barron's affidavit was signed, and stated that it was given "under penalty of perjury that the foregoing is true and correct to the best of my knowledge." (Pls.' Supp. Exs., Doc. No. 46, Ex. C.) Because Dennis Le Barron's affidavit meets both requirements of 28 U.S.C. § 1746, the Court will consider the affidavit in deciding this motion.

2. Hormel's employee in charge of yields and new products, Donny Temperly, visits the QPP production floor on a daily basis and sometimes instructs employees on how to do their jobs. (Id. ¶ 5.)

3. Hormel performs cost testing in the QPP production area. (Id. ¶ 6.)

4. Lance, a Hormel employee in charge of studying production lines, has the authority to tell QPP supervisors to add or remove employees from particular jobs, and has overridden QPP supervisory decisions to keep a person on a job. (Id. ¶ 7.)

5. Hormel and QPP employees work "very close together" and QPP provides Hormel with "daily" and "numerous" reports. (Pls.' Exs., Doc. No. 37, Ex. 1, p. 70.)

Defendant contends that Hormel and QPP can not be considered an "enterprise" under the FLSA because 29 U.S.C. 206(r) specifically excludes "the related activities performed . . . by an independent contractor" from the definition of enterprise. (Def.'s Mem., Doc. No. 49, p. 13.) Defendant argues that the legal structure of the agreements, between QPP and Hormel, in addition to the lease agreement, create an independent contractor relationship. (Id. p. 12.) At the hearing, Defendant offered the Eighth Circuit Court of Appeals decision in Hormel Co. v. United Food & Commercial Workers, Local 9, AFL-CIO, 879 F.2d 347 (8th Cir. 1989) in support of its position that QPP is an independent contractor. However, the Eighth Circuit Court of Appeals did not review the direct allegations raised in Plaintiffs' Complaint, but rather was reviewing an arbitration award which found that a collective bargaining agreement required that hog slaughtering performed in the plant leased by Hormel to QPP be performed by bargaining unit members. Id. at 348-49. The Eighth Circuit Court of Appeals did not have before it the facts that are alleged here, for example that QPP returns any profits it makes to Hormel (Pls.' Exs.,

4

Doc. No. 37, Ex. 2, pp. 90-91); that the agreement to return profits to Hormel is not in writing (Id.); that QPP was not required to pay its rent in advance (Id., Ex. 1, p. 113); or that QPP executive salaries where negotiated with Hormel (Id., Ex. 1 pp. 89-90, Ex. 2, pp. 81-82).

Defendant has presented the Court with many facts that counter Plaintiffs' assertions of control and misdealings, however, the Court is not at liberty to weigh those facts at this time. Given the posture of this Court's review on a motion to amend the Complaint, the Court may only review the allegations to determine if they are so clearly futile as to warrant a denial of the right to amend. Here, Plaintiffs provide sufficient support for their allegation of enterprise liability under the FLSA, such that this Court will not deny the proposed amendments based on futility. Nor does the Court find that Plaintiffs' amendments would cause undue delay or prejudice. Therefore, Plaintiffs' request to add Hormel to the Complaint on the basis of enterprise liability is granted.

### B. Joint Employers

Plaintiffs also seek to add Hormel as "joint employer" under the FLSA. Since the Eighth Circuit Court of Appeals has not yet adopted standards for determining when an entity may be held to be a joint employer under the FLSA, Plaintiffs ask the Court to look to the seven factor test developed in Lopez v. Silverman, 14 F. Supp.2d 405 (S.D.N.Y. 1998). (Pls.' Supp. Mem., Doc. No. 49, p. 9, 12) (also citing Torres-Lopez v. May, 111 F.3d 633 (9th Cir. 1997); and Antenor v. D & S Farms, 88 F.3d 925 (11th Cir. 1996)). Lopez identified the following factors:

> (1) the extent to which the workers perform a discrete line-job forming an integral part of the putative joint employer's integrated process of production or overall business

5

>       objective;
> (2)   whether the putative joint employer's premises and equipment were used for the work;
> (3)   the extent of the putative employees' work for the putative joint employer;
> (4)   the permanence or duration of the working relationship between the workers and the putative joint employer;
> (5)   the degree of control exercised by the putative joint employer over the workers;
> (6)   whether responsibility under the contract with the putative joint employer passed "without material changes" from one group of potential joint employees to another; and
> (7)   whether the workers had a "business organization" that could or did shift as a unit from one putative joint employer to another.

Lopez v. Silverman, 14 F. Supp.2d 405, 419-420 (S.D.N.Y. 1998). In contrast, Defendant urges the Court to adopt the four prong test developed in Bay State Alternative Staffing, Inc. v. Herman, 163 F.3d 668, 675 (1st Cir. 1998), which examines whether the alleged employer:

> (1)   had the power to hire and fire the employees;
> (2)   supervised and controlled employee work schedules or conditions of employment;
> (3)   determined the rate and method of payment; and
> (4)   maintained employment records.

See also, Bonnette v. California Health and Welfare Agency, 704 F.2d 1465, 1470 (9th Cir. 1983). Although the parties advocate for different tests, as Defendant points out, Federal Courts have used a variety of legal tests to determine whether an entity is a "joint employer," but common to these tests is the assessment of whether an entity exercises substantial control. (Def.'s Supp. Mem., Doc. No. 49, p. 8.)

Defendant argues that an amendment to add Hormel as a joint employer is futile because Plaintiffs have not shown that Hormel exercises any "right of control" over QPP workers. (Id.) As stated above, the Court finds that Plaintiffs have alleged sufficient facts to establish that

6

Hormel exercises control over QPP and its employees. These facts support an assertion that Hormel is an employer under either the enterprise theory or under the joint employer theory. In viewing the allegations in the light most favorable to Plaintiffs, the Court finds that the weight of Plaintiffs' evidence defeats Defendant's charge of futility. Because the Court finds that (1) Plaintiffs' claim, that Hormel is joint employer under the FLSA, is not futile, and (2) the addition of Hormel will not cause undue delay or prejudice, the Court grants Plaintiffs' Motion to Amend the Complaint.

Based on all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

(1) Plaintiffs' Motion To Amend the Complaint (Doc. No. 35) is **GRANTED**; and

(2) Plaintiffs must file an Amended Complaint in conformance with this Order by **Tuesday, July 17, 2001.**

Dated: July 10, 2001.

*Susan Richard Nelson*
SUSAN RICHARD NELSON
United States Magistrate Judge